IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JASON MARTIN SWIDERSKI** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **PENNSYLVANIA DEPARTMENT** | : | **NO.  15-6814** |
| **OF CORRECTIONS, et al** | : | |

## MEMORANDUM

**KEARNEY, J.**                                                                 **February 11, 2016**

Plaintiff filed a *pro se* 42 U.S.C. § 1983 civil rights lawsuit against the Pennsylvania Department of Corrections ("DOC"), the Secretary, Executive Deputy Secretary and Deputy Secretary for DOC's Eastern Region, Wernersville Community Correction Center and two John Doe defendants.  He alleges his constitutional rights are violated because the Wernersville Community Correction Center does not have a law library.

We dismiss this action under 28 U.S.C. § 1915(e)(2)(B)(ii).

To bring suit under § 1983, Plaintiff must allege a person acting under color of state law deprived him of his constitutional rights.  *West v. Atkins*, 487 U.S. 42 (1988).  Plaintiff fails to establish Defendants violated his constitutional rights.

To state a claim Defendants denied him meaningful access to the courts, Plaintiff must show the Defendants caused actual harm to his litigation efforts through their actions.  *Lewis v. Casey*, 518 U.S. 343 (1996).  Plaintiff alleges the Commonwealth Court dismissed his unemployment compensation appeal because the Defendants failed to provide him with access to a law library.  Plaintiff must demonstrate he suffered actual harm to a direct or collateral attack on his sentence, or a challenge to conditions of confinement, not merely any form of legal action.  *Id.*

at 355.    Plaintiff failed to satisfy this requirement.

Accordingly, we dismiss Plaintiff's Complaint in the accompanying Order.